**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

FRANK D. FLANAGAN, JR.                                                                                    PLAINTIFF

v.                                       1:12CV00050-BSM-JJV

DAVID LUCAS, Sheriff,
Jackson County; AND
MIKE SMITH, Jail Administrator,
Jackson County Detention Center                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 18), to which Plaintiff has filed no response. Plaintiff, Frank Flanagan, Jr., filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging constitutional claims related to his conditions of confinement while incarcerated in the Jackson County Detention Center. Plaintiff alleges that as a result of Defendants' conduct, he was exposed to tuberculosis (TB).

The Complaint alleges Defendants placed an inmate who was contaminated with TB with the general population and, as a result, Plaintiff is testing positive for TB. (Doc. No. 2.) Plaintiff specifically states, "Inmate Curtis Liles told the jailors and administration that he was positive for TB and they continued to house him with the general population at Jackson Co. Jail and I am now testing positive for TB Germ." (*Id.*) Plaintiff further alleges that he will have to undergo nine months of treatment because of Defendants' negligence. (*Id.*)

**II.   SUMMARY JUDGMENT MOTION**

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial

burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

To support an Eighth Amendment claim against Defendants, Plaintiff must allege and prove deliberate indifference to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner cannot sustain an Eighth Amendment claim unless he can show he suffered some "actual injury." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994)("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation"). Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978).

**III.    ANALYSIS**

In support of their Motion, Defendants submit Plaintiff's charge report (Doc. No. 19-1), Curtis Liles's charge report (Doc. No. 19-2), the daily shift log of March 30, 2012 (Doc. No. 19-3), the TB test results of Curtis Liles (Doc. No. 19-4), Plaintiff's health history form (Doc. No. 19-5), and Plaintiff's TB test results (Doc. No. 19-6). Defendants assert this evidence conclusively shows that Liles was placed in a special cell upon booking, that Liles did not even have TB, and that

Plaintiff has not been diagnosed with TB. (Doc. No. 19 at 5.)  Plaintiff did not respond to Defendants' Motion and has provided no evidence in support of his allegations.  Absent a response from Plaintiff, the Court will deem as admitted Defendant Statement of Facts (Doc. No. 20), pursuant to FED. R. CIV. P. 56(e) and Rule 56.1(c) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.

After carefully considering the uncontroverted evidence, the Court finds that Plaintiff's Eighth Amendment claims should be dismissed.  Defendants have presented records that show that they did not act with indifference to Plaintiff's medical needs. To the contrary, Defendants isolated Mr. Liles and routinely examined he and Plaintiff for TB with which neither has been diagnosed. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. Thus, the claims against Defendants should be dismissed with prejudice.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Motion for Summary Judgment filed by Defendants David Lucas and Mike Smith (Doc. No. 18) be GRANTED and the Complaint (Doc. No. 2) be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 4th day of April, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE